1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN DOE,                          Case No.  1:25-cv-01372-CDB

12              Petitioner,             ORDER GRANTING REQUEST TO
                                        PROCEED UNDER PSEUDONYM AS TO
13        v.                            PETITIONER JOHN DOE

14   CHRISTOPHER CHESTNUT, *et al.*,    (Doc. 2)

15              Respondents.

16

17        Petitioner John Doe ("Petitioner"), a federal prisoner proceeding by counsel, initiated this

18   action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  On

19   October 15, 2025, Petitioner filed the instant petition while in custody of the Immigration and

20   Customs Enforcement ("ICE") at the California City Detention Facility, located in Kern County,

21   California, which is where he is currently incarcerated.  *Id.*

22        Pending before the Court[1] is Petitioner's motion to proceed under pseudonym, filed on

23   October 15, 2025.  (Doc. 2).  The Court directed Respondents to file a response to the motion and

24   request.   (Doc. 4 at 3).  On November 5, 2025, Respondents timely filed an opposition to

25   Petitioner's motion to proceed under pseudonym. (Doc. 13).  The motion is submitted on the record

26

27        [1] On November 4, 2025, this action was reassigned to the undersigned for all further
     proceedings following all parties' consent to the jurisdiction of a U.S. magistrate judge pursuant to
28   28 U.S.C. § 636(c)(1).  (Doc. 11).

                                        1

and briefs without oral argument.  (Doc. 4 at 3) (citing Local Rule 230(g)).  For the reasons set forth below, the Court will grant Petitioner's motion.

### Petitioner's Motion to Proceed Under Pseudonym

#### A.    Parties' Contentions

Petitioner requests the Court to permit him to proceed case under pseudonym to protect his identity from public disclosure on the grounds that the subject of his habeas petition "reveals the extremely personal information of the sexual assault he experienced in his country of origin." (Doc. 2 at 2).  Petitioner asserts that allowing him to proceed under pseudonym is necessary to preserve his privacy with respect to highly sensitive information which, if publicized, could result in "stigma, discrimination, ridicule, embarrassment, and other harms."  *Id.*  Petitioner further asserts that he does not seek to withhold his identity from Respondents and thereby would cause them no prejudice, and that the threat to public interest here is minimal.  *Id.*  Petitioner notes that he has not requested that all court filings be sealed other than his identity, and as such, his request to proceed pseudonymously "strikes the appropriate balance of preserving his privacy interests while allowing public access."  *Id.* at 4.

Respondents oppose Petitioner's request and contend that he has failed to meet his burden of proving that "this is the unusual case where he will face bodily harm if his name is disclosed in conjunction with his detention litigation." (Doc. 13 at 1).  Respondents argue that this immigration case is automatically electronically restricted such that the contents of any pleading are not visible to the public "unless a member of the public takes the cumbersome step of physically requesting the documents from the clerk's office."  *Id.* at 2.  Respondents argue that if the Court disagrees, the government "requests the alternative remedy of the use of Petitioner's initials" as the "number of immigration habeas cases has grown significantly[,] … and the more cases authorized to proceed under pseudonym, the higher the risk of confusion, mis-citation to precedent, and mistakes in processing cases[.]"  *Id.* at 3.

#### B.    Governing Authority

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy."  *Does I thru XXIII v. Advanced Textile*

1  *Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the

2  'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from

3  harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quoting *United States v.*

4  *Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for

5  anonymity against the general presumption that parties' identities are public information and the

6  risk of unfairness to the opposing party." *Id.* at 1068.

7      The Ninth Circuit has identified three situations in which parties have been allowed to

8  proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or

9  mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and

10  highly personal nature; and (3) when the anonymous party is compelled to admit [his or her]

11  intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id.* (citations and

12  internal quotations marks omitted). In evaluating such a request, courts should consider the

13  following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous

14  party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.*

15      "The court must also determine the precise prejudice at each stage of the proceedings to the

16  opposing party, and whether proceedings may be structured so as to mitigate that prejudice … [as

17  well as] decide whether the public's interest in the case would be best served by requiring that the

18  litigants reveal their identities." *Id.* at 1068-69. "To determine whether to allow a party to proceed

19  anonymously when the opposing party has objected, a district court must balance five factors: '(1)

20  the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears … (3)

21  the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party,

22  and (5) the public interest.'" *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d

23  1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

24      **C.    Analysis**

25      The Court has reviewed Petitioner's motion and finds Petitioner's representations credible

26  regarding the reasons for proceeding under pseudonym herein. The record in immigration cases

27  such as this is not sealed as set forth in Local Rule 141(a) but, rather, restricted. As Respondents

28  concede, when restricted, documents can still be acquired through public computer terminals in the

courthouse.  By contrast, sealed documents are accessible only by "the Court and authorized court personnel."  Local Rule 141(a); *see Doe v. Becerra*, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at *7 n.5 (E.D. Cal. Mar. 3, 2025) ("[] Respondents erroneously stated that this matter is under seal pursuant to Local Rule 141.  This is incorrect.  This matter is not under seal and Local Rule 141 does not provide for automatic sealing of immigration actions … access to civil immigration cases such as this one is restricted, but documents are still viewable by the public via public terminals."); *see also Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 1156312, at *2 (W.D. Wash. Mar. 18, 2024) (granting immigration detainee's pseudonym request, noting restricted public access is a consideration against permitting petitioner to proceed anonymously, but finding "any such considerations outweighed" by, *inter alia*,  petitioner's filings containing sensitive personal matters, her assertions of danger, and her incarceration).

Respondents have not identified in their opposition any actual, threatened, or risk of material prejudice that could result from Petitioner's use of a pseudonym, aside from risks of confusion arising from the increasing number of cases with "Doe" petitioners.  However, any such prejudice is minimal, as Respondents may employ other organizational methods, including, for instance, through use of the unique case number associated with this action as an identifier.  Lastly, Petitioner provides in his request that he does not seek to withhold his identity from Respondents.  *See Doe v. Andrews*, No. 1:25-CV-00506-SAB-HC, 2025 WL 1856591, at *3 (E.D. Cal. June 26, 2025) (granting request to proceed under pseudonym where respondents "have not attempted to—and cannot—argue that they would suffer any prejudice if Petitioner were allowed to proceed under pseudonym given Petitioner's identity is known to the Court and Respondents.").

While the Court is mindful of the public's interest in knowing the identity of the parties, after reviewing the record and considering the nature of the potential harm, the reasonableness of Petitioner's fears of keeping the sensitive nature of his sexual assault private, Petitioner's vulnerability to harassment, ridicule, or personal embarrassment as provided in the petition and request, and any potential prejudice to Respondents as well as the public's interest in this action, the Court finds that, at this early stage of the litigation, the Petitioner's need for anonymity outweighs the competing interests.  Further, the Court notes that Respondents may challenge

1    Petitioner's use of a pseudonym at a later stage of the action. *See Advanced Textile Corp.*, 214 F.3d

2    at 1067-68 ("In this circuit, we allowed parties to use pseudonyms in the 'unusual case' when

3    nondisclosure of the party's identity 'is necessary … to protect a person from harassment, injury,

4    ridicule, or personal embarrassment.'") (citing *United States. v. Doe*, 655 F.2d 920, 922 n.1 (9th

5    Cir. 1981)); *Doe v. Andrews*, No. 1:25-CV-00333-JLT-HBK (HC), 2025 WL 1531684 (E.D. Cal.

6    May 28, 2025) (noting that "Courts regularly grant leave to proceed under a pseudonym in cases

7    related to asylum proceedings," collecting cases, and granting immigration detainee's pseudonym

8    request) (citing 8 C.F.R. § 208.6); *see also Doe v. Andrews*, No. 1:25-CV-00680-SKO (HC), 2025

9    WL 1636053, at *1 (E.D. Cal. June 9, 2025) (granting immigration detainee's pseudonym request,

10   finding no prejudice to Respondent, and noting "Petitioner … applied for protection under the

11   Convention Against Torture.  He fears persecution and retaliation from a criminal gang … he is

12   aware that individuals in Jamaica look for information about him online.  Petitioner's fears are

13   credible and satisfy the first three factors").  Therefore, the Court will grant Petitioner's motion to

14   proceed under pseudonym in this action.

15       **Conclusion and Order**

16       Accordingly, it is HEREBY ORDERED:

17       1.  Petitioner's motion to proceed under pseudonym (Doc. 2) is GRANTED.  All parties

18           and their counsel shall use the pseudonym "John Doe" in place of Petitioner's legal

19           name in all future pleadings and papers filed in this action.

20       2.  The parties are prohibited from disclosing or publishing the true name of the Petitioner

21           except by order of this Court and as necessary toward the prosecution or defense of the

22           case.

23   IT IS SO ORDERED.

24       Dated:   **November 7, 2025**

25                                              UNITED STATES MAGISTRATE JUDGE

26

27

28