UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>        Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, *et al.*,<br><br>        Respondents. | Case No. 1:25-cv-01372-CDB (HC)<br><br>ORDER ON STIPULATION FOR PETITIONER TO FILE SECOND AMENDED HABEAS PETITION AND SETTING SCHEDULE<br><br>(Doc. 22)<br><br>**7-Day Deadline** |

**Relevant Background**

Petitioner John Doe ("Petitioner"), a federal prisoner proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to proceed under pseudonym on October 15, 2025, while in custody of ICE at the California City Detention Facility, located in Kern County, California. (Docs. 1, 2). On October 16, 2025, the Court preliminarily concluded that Petitioner's petition may be cognizable under § 2241 and ordered Respondents to file a response addressing the merits or seeking dismissal of the petition. (Doc. 4). After Petitioner filed the operative first amended petition for writ of habeas corpus (Doc. 8) and motion for preliminary injunction (Doc. 9), on November 5, 2025, the Court found the claims asserted potentially cognizable and set a briefing schedule on the motion. (Doc. 12). On November 10, 2025, the Court granted Petitioner's request to proceed under pseudonym as "John Doe." (Doc.

14).  On November 26, 2025, the Court granted in part Petitioner's motion for preliminary injunction. (Doc. 20).

On December 1, 2025, Respondents Christopher Chestnut, in his official capacity as Warden of the California City Detention Center, Sergio Albarran, in his official capacity as Field Officer Director of the Immigration and Customs Enforcement ("ICE"), San Francisco, Todd M. Lyons, in his official capacity as Acting Director of ICE, Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security, and Pamela Bondi, in her official capacity as Attorney General of the United States (collectively, "Respondents") filed an answer to the petition. (Doc. 21).

### **Stipulated Request for Petitioner to File Second Amended Habeas Petition**

Pending before the Court[1] is the parties' stipulated request for Petitioner to file a second amended habeas petition and to set a briefing schedule, filed on December 23, 2025.  (Doc. 22). The parties represent that following the Court's order granting in part Petitioner's motion for preliminary injunction, which was based in part on a finding of a likelihood of success on Petitioner's second claim for relief regarding procedural due process (*see* Doc. 20), Petitioner had a bond hearing and was subsequently released on bond on December 10, 2025. *Id.* at 2.  The parties represent that Petitioner desires to proceed in this matter only on his claim regarding procedural due process and does not wish to proceed on his first claim regarding substantive due process and therefore seeks to dismiss this claim without prejudice.  *Id.*  Respondents consent to Petitioner's filing of the proposed, second amended and supplemental verified petition for writ of habeas corpus and complaint for declaratory and injunctive relief, *i.e.*, the second amended habeas petition, which is attached to the stipulated request as "Exhibit A," to remove the first claim of relief and to make additional changes.  *Id.*  The parties represent that Respondents will rely on their response to the first amended habeas petition that was filed on December 1, 2025 (Doc. 21) with respect to the proposed second amended habeas petition, and request that Petitioner be permitted to file his

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. 11).

traverse to the second amended petition by January 16, 2026. *Id.* The parties seek the Court decide this case and enter final judgment without a hearing pursuant to Local Rule 230(g). *Id.*

The Court has considered the parties' representations in their stipulation, has reviewed Petitioner's proposed second amended petition attached thereto, and finds good cause to grant the parties' stipulated request.

**Conclusion and Order**

In light of the stipulation, and good cause appearing, it is HEREBY ORDERED that:

1. The parties' stipulated request for Petitioner to file the proposed second amended habeas petition and to set a briefing schedule (Doc. 22) is GRANTED;

2. Petitioner SHALL FILE **within 7 days** from the entry of this order the proposed second amended habeas petition attached to the parties' stipulation (Doc. 22 at 6-20) as a standalone docket entry and Petitioner's operative pleading;

3. Respondents' answer to the first amended habeas petition (Doc. 21) is the operative responsive pleading to the second amended habeas petition;

4. Petitioner SHALL FILE any traverse to the second amended habeas petition by **January 16, 2026**; and

5. The matter is submitted on the briefs and record in this case and will be decided without hearing or oral argument. *See* Local Rule 230(g).

IT IS SO ORDERED.

Dated: **December 29, 2025**

UNITED STATES MAGISTRATE JUDGE