UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CHRISTOPHER CHESTNUT, *et al.*,<br><br>　　　　　Respondents. | Case No. 1:25-cv-01372-CDB (HC)<br><br>ORDER GRANTING PETITIONER'S SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Docs. 21, 24, 25) |

Petitioner John Doe ("Petitioner"), a federal detainee proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the Court will grant Petitioner's operative second amended petition for writ of habeas corpus ("SAP" or "petition"). (Doc. 24).[1]

**I.    Relevant Background**

The Court incorporates by reference the factual and procedural background set forth in the Court's November 26, 2025, order granting in part Petitioner's motion for preliminary injunction. *See* (Doc. 20 at 2-5).

In that order, the Court found that Petitioner met the requirements to issue a preliminary injunction as to Respondents Christopher Chestnut, in his official capacity as Warden of the

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 11).

California City Detention Center, Sergio Albarran, in his official capacity as Field Officer Director of the Immigration and Customs Enforcement ("ICE"), San Francisco, Todd M. Lyons, in his official capacity as Acting Director of ICE, Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security, and Pamela Bondi, in her official capacity as Attorney General of the United States (collectively, "Respondents").  Petitioner was found likely to succeed on the merits regarding his claim that, as a matter of procedural due process, he has an underlying, continuing liberty interest from re-detention based on his earlier release from immigration custody, and because Respondents have not articulated any change in circumstances while Petitioner was on release sufficient to justify his re-detention, the appropriate remedy is Petitioner's release unless Respondents timely scheduled a bond hearing before a neutral immigration judge to consider whether his physical custody is legally justified.  *Id.* at 15-16, 20.  Following a bond hearing, on December 10, 2025, Petitioner was released on bond.  (Doc. 22 at 2).

On December 1, 2025, Respondents filed an answer to the first amended petition.  (Doc. 21).  In the answer, Respondents oppose Petitioner's petition "on the same bases as Respondent's opposition to Petitioner's motion for preliminary injunction."  (Doc. 21 at 4); *see* (Doc. 15). Respondents reaffirm their position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and that Petitioner's due process challenge fails.  *Id.* at 4-8.

On December 29, 2025, the Court granted the parties' stipulated request for Petitioner to file a second amended petition (Doc. 24) as Petitioner's operative pleading and set a briefing schedule on the merits of the petition.[2]  (Doc. 23).  Based on the stipulation, Respondents' answer to the first amended petition (Doc. 21) was deemed the operative responsive pleading to the SAP, Petitioner was ordered to file any traverse by January 16, 2026, and the matter was submitted on the briefs and record for decision without hearing or oral argument.  *Id.* at 3; *see* Local Rule 230(g). On January 15, 2026, Petitioner filed his traverse to the SAP.  (Doc. 25).

In his traverse, Petitioner contends that because Respondents raise no issues or new argument that the Court did not already address at the preliminary injunction stage, the Court should

---

[2] Petitioner proceeds only on his claim regarding procedural due process in his SAP, thereby foregoing his substantive due process claim raised in his first amended petition.  (Doc. 22 at 2); *see* (Doc. 24).

render judgment on the merits for the same reasons it issued the preliminary injunction. (Doc. 25 at 2).

## II.  Governing Authority[3]

As the Court noted in its order granting in part Petitioner's motion for preliminary injunction, here, the parties do not dispute that the statute at issue governing Petitioner's detention is 8 U.S.C. § 1225(b).[4] (Doc. 20 at 8); *see* (Doc. 8 ¶ 10); (Doc. 15 at 1); (Doc. 17 at 11).

Section 1225 governs the detention of noncitizens seeking admission into the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018); *see id.* at 282 ("§§ 1225(b) … do[e]s not give detained aliens the right to periodic bond hearings during the course of their detention."). In contrast, § 1226 sets forth a "default rule" for noncitizens already present within the United States. *Id.* at 288.

Relevant here, § 1225(b)(1) applies to aliens "arriving in the United States" or aliens who have "not been admitted or paroled into the United States" and have not "affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the [two]-year period immediately prior to the date of the determination of inadmissibility." 8 U.S.C. § 1225(b)1)(A)(i), (iii)(II).

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). For § 1225(b)(2)(A) to apply, an examining immigration officer must determine that the individual is (1) an "applicant for admission," (2) "seeking admission," and (3) "not clearly and beyond a doubt entitled to be

---

[3] Respondents do not challenge the Court's jurisdiction over Petitioner's claim. *See* (Docs 1, 4, 21); (Doc. 20 at 5 n. 4) ("As the Court found in its preliminary screening order, the Court has jurisdiction over Petitioner's claim that he is improperly detained without a bond hearing, pursuant to 28 U.S.C. § 2241. … Respondents do not challenge the Court's jurisdiction over this claim[.]").

[4] The Court incorporates by reference from its order granting in part Petitioner's motion for preliminary injunction its consideration of the statutory mandatory detention framework under 8 U.S.C. § 1225(b), in addition to the foregoing discussion of § 1225(b) herein. *See* (Doc. 20 at 10-13).

admitted." *See Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), -- F. Supp. 3d --, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (citing *Martinez v. Hyde*, 792 F. Supp. 3d 211, 214 (D. Mass. 2025)).

### III. Discussion

Petitioner's sole claim raised in his operative SAP is for violation of his Fifth Amendment rights under procedural due process. *See* (Doc. 24 at 12-13).

#### A. Procedural Due Process

##### 1. Governing Authority

"The Due Process Clause of the Fifth Amendment mandates that '[n]o person shall ... be deprived of life, liberty, or property, without due process of law.'" *United States v. Quintero*, 995 F.3d 1044, 1051 (9th Cir. 2021) (citing U.S. Const. amend. V). "The Due Process Clause 'protects individuals against two types of government action': violations of substantive due process and procedural due process." *Id.* (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987)).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth … Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). "[F]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "Procedural due process requires that, even where a deprivation of liberty survives substantive due process scrutiny, the action 'be implemented in a fair manner.'" *Quintero*, 995 F.3d at 1051-52 (citing *Salerno*, 481 U.S. at 746). "The 'right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society.'" *Mathews*, 424 U.S. at 902 (citation omitted). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* (citing *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (citations omitted); *see Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) ("[I]t is well-established that the Due Process Clause stands as a significant constraint on the manner in which the political branches may exercise their plenary authority."). "In the context of immigration detention, it is well-settled that 'due process requires adequate procedural protections to ensure that the government's asserted justification for physical confinement outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Hernandez*, 872 F.3d at 990 (quoting *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011)).

2. <u>Analysis</u>

As Respondents have not offered any new argument in their answer to Petitioner's SAP, relying "on the same bases as Respondent[s'] opposition to Petitioner's motion for a preliminary injunction" (Doc. 21 at 4) which the Court has already considered in granting in part the motion for preliminary injunction (Doc. 20), the undersigned finds that Petitioner's procedural due process claim advanced in the SAP should be granted for the same reasons a preliminary injunction issued in this case.[5] Specifically, for the same reasons as set forth in the Court's order granting in part the preliminary injunction, Petitioner has shown that his arrest and re-detention by immigration authorities violates his procedural due process rights in that (1) he has an underlying, continuing liberty interest to remain out of custody, and (2) under the analysis prescribed in *Mathews v. Eldridge*, 424 U.S. 319 (1976) ("*Mathews*"), he is entitled to release and to a bond hearing to determine whether he may be subject to continued re-detention pending the completion of his removal proceedings. *See* (Doc. 20 at 14-17).

///

///

///

---

[5] In granting a preliminary injunction, the Court considered and determined that waiver of Petitioner's prudential exhaustion requirement was appropriate. (Doc. 20 at 7-9). Respondents do not challenge that finding for purposes of the Court's determination of the merits of the petition. *See* (Docs. 21, 22, 23).

**IV.    Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's second amended petition for writ of habeas corpus (Doc. 24) is GRANTED; and

2. The Clerk of the Court is DIRECTED to enter judgment accordingly and to close this case.

IT IS SO ORDERED.

Dated:   **January 26, 2026**

UNITED STATES MAGISTRATE JUDGE